UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANISHA SINGH<br><br>*Plaintiff*,<br><br>v.<br><br>MEMORIAL SLOAN KETTERING CANCER CENTER, SLOAN KETTERING INSTITUTE FOR CANCER RESEARCH, Dr. N.V. KISHORE PILLARSETTY, Ph.D and Dr. STEVEN M. LARSON, MD<br><br>*Defendants*. | 1:17-cv-3935-GBD-KNF<br><br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL OF RECORD

Pursuant to Southern District of New York Local Rule 1.4, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel" or "Counsel") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for Plaintiff Dr. Manisha Singh ("Plaintiff" or "Dr. Singh") in the above-captioned matter as of March 1, 2019.

### PRELIMINARY STATEMENT AND BACKGROUND

Quinn Emanuel seeks leave to withdraw as counsel of record for Plaintiff because Quinn Emanuel has completed the service and tasks as contemplated and agreed by Counsel and Plaintiff in their Engagement Letter; specifically, Quinn Emanuel has fulfilled its obligations of limited *pro bono* representation of Plaintiff during the discovery phase, concluded on February 28, 2019, pursuant to the Court's Order of January 15, 2019 [Dkt. 52].

Prior to making this motion, Quinn Emanuel advised Dr. Singh that it would make a motion to withdraw on the grounds set forth herein. Dr. Singh consents to Quinn Emanuel's withdrawal as counsel of record. Quinn Emanuel's withdrawal will not have a material adverse

effect on Plaintiff, nor substantially impede the progress of this action as Plaintiff has already successfully engaged *pro bono* trial counsel.

## ARGUMENT

### I. The Rules Of Professional Conduct And Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court

Pursuant to Local Rule 1.4 of the Southern District of New York "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." The New York State Rules of Professional Conduct permit withdrawal of counsel where (1) withdrawal can be accomplished without material adverse effect on the interests of the client; and (2) the client knowingly and freely assents to termination of the employment. N.Y. Prof. Conduct Rule 1.16 (c) (1), (10).

### II. Completion Of Representation Pursuant To Engagement Letter Alone Constitutes Sufficient Good Cause For Permitting Withdrawal Of Counsel

Pursuant to the Engagement Letter signed by Quinn Emanuel and the Plaintiff on April 4, 2018 (the "Engagement Letter"), Dr. Singh freely agreed to the terms and conditions of representation by Counsel. The Engagement Letter was explained to Dr. Singh in great detail at an in-person meeting prior to signing, and she was advised of her right to review and discuss it with another attorney. By signing the Engagement Letter, Dr. Singh acknowledged and understood that Quinn Emanuel's representation of her was "limited to the discovery phase of the Engagement." Engmt. Ltr. at 1.

The original discovery deadline pursuant to the Court's initial scheduling order [Dkt. 32] dated May 16, 2018, was November 15, 2018. By the Court's October 16, 2018 Order, the parties' request for an extension of time to complete discovery was granted, and the deadline was

extended to December 31, 2018.  [Dkt. 44].  Upon Defendants' unopposed letter motion, on January 2, 2019, the Court ordered a further extension of the discovery deadline to January 22, 2019.  [Dkt. 49]  Upon Defendants' unopposed letter motion on January 15, 2019, the Court granted a final extension of the discovery deadline to February 28, 2019 [Dkt. 52].  Therefore, as of March 1, 2019, Quinn Emanuel has fully performed its obligations under the Engagement Letter, which constitutes good cause for withdrawal.

"When an attorney-client relationship ends depends largely on the purpose for which it was created...." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.,* 687 F. Supp. 2d 381, 389–92 (S.D.N.Y. 2010) (citation omitted).  As it was explained by the court in *Revise:*

> In what is perhaps the most typical situation, an attorney-client relationship created between a lawyer and a lay party is terminated, simply enough, by the accomplishment of the purpose for which it was formed in the first place. This rule is really a corollary of the principles that an attorney-client relationship arises only as to the particular matter or transaction on which the lawyer has expressly or implicitly bound himself to work […].

Dr. Singh was advised that Quinn Emanuel's representation of her only extended to the end of the discovery phase and therefore, should the case not settle prior to  the discovery deadline, she would need to retain separate trial counsel.  In addition, Quinn Emanuel has communicated its intention to withdraw upon the conclusion of discovery to the New York Legal Assistance Group ("NYLAG") in the Southern District of New York.  As a result, NYLAG assisted Dr. Singh in successfully engaging *pro bono* trial counsel.

Finally, Dr. Singh consents to Quinn Emanuel's withdrawal, therefore knowingly and freely assenting to the termination of Counsel's representation pursuant to Rule 1.16(c)(10) of the New York State Rules of Professional Conduct.

**III.     Withdrawal Can Be Accomplished Without Material Adverse Effect On Plaintiff**

Plaintiff will not be prejudiced by Quinn Emanuel's withdrawal as counsel.  Since Quinn Emanuel represented Dr. Singh on a *pro bono* basis, she has not incurred attorney's fees in pursuing her case thus far.  Discovery in the matter concluded on February 28, 2019, and *pro bono* trial counsel has been successfully engaged by Plaintiff, even though a trial date has not yet been set.

**CONCLUSION**

For the foregoing reasons, Quinn Emanuel respectfully requests that the Court grant its motion to withdraw as counsel of record for Plaintiff.

Dated:  March 5, 2019
         New York, New York

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/* Jennifer J. Barrett
         Jennifer J. Barrett
         Nora Feher
         51 Madison Avenue, 22nd Floor
         New York, NY 10010
         (212) 849-7000
         jenniferbarrett@quinnemanuel.com
         norafeher@quinnemanuel.com

*Attorneys for Plaintiff*