USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 20 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MANISHA SINGH,

                Plaintiff,

      -against-

MEMORIAL SLOAN KETTERING CANCER
CENTER, SLOAN KETTERING INSTITUTE FOR
CANCER RESEARCH, DR. N.V. KISHORE
PILLARSETTY, and MD STEVEN M. LARSON,

                Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 3935 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Manisha Singh brings this sexual harassment and discrimination action against Defendants Memorial Sloan Kettering Cancer Center ("MSKCC"), Sloan Kettering Institute for Cancer Research ("SKI"), Dr. N.V. Kishore Pillarsetty, and MD Steven M. Larson. (Am. Compl., ECF No. 38.) She asserts claims of discrimination and retaliation against MSKCC and SKI under Title VII of the Civil Rights Act of 1964, and against all Defendants under the New York State Human Rights Law and the New York City Human Rights Law. (*Id.* ¶¶ 77–95.) She also raises claims of civil battery, intentional infliction of emotional distress, and negligent infliction of emotional distress against all Defendants. (*Id.* ¶¶ 96–114.) Finally, she asserts a defamation *per se* claim against individual Defendants Pillarsetty and Larson. (*Id.* ¶¶ 115–22.) Defendants move for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 in favor of Pillarsetty and Larson as to the defamation *per se* claim, in favor of MSKCC, SKI, and Larson as to the civil battery and intentional infliction of emotional distress claims, and in favor of all Defendants as to the negligent infliction of emotional distress claim. (Defs.' Notice of Mot.

for Partial Summ. J., ECF No. 57.) Plaintiff did not file an opposition to Defendants' motion. (*See* Pl.'s Letter dated Aug. 28, 2019, ECF No. 65.)

Before this Court is Magistrate Judge Kevin Nathaniel Fox's October 8, 2019 Report and Recommendation (the "Report"), recommending that Defendants' motion for partial summary judgment be granted in its entirety.[1] (Report, ECF No. 66, at 7.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

Plaintiff was employed at MSKCC and SKI from approximately August 2014 through September or October 2016, during which time Pillarsetty was her direct supervisor. (Am. Compl. ¶¶ 10, 13; Defs.' Local Rule 56.1 Statement of Facts, ECF No. 58, ¶¶ 1–2, 8.) Plaintiff alleges that between September 2014 and August 2016, Pillarsetty harassed and subjected Plaintiff to unwanted sexual advances, including touching her body without her consent, and then retaliated against her for rejecting his advances. (Am. Compl. ¶¶ 3, 5, 27.) According to Plaintiff, she reported such harassment "on multiple occasions to multiple employees of MSKCC/SKI," including Larson, who is Pillarsetty's supervisor, but none of her complaints were addressed. (*Id.* ¶¶ 14, 19, 41.) Rather, Plaintiff was informed on July 6, 2016 that her employment contract with MSKCC and SKI would be terminated, which Plaintiff alleges was in retaliation for her complaints. (*Id.* ¶¶ 5, 61, 63.) Plaintiff further alleges that "Defendants defamed [her] professional reputation by making or publishing false statements in references to [her] potential prospective employers." (*Id.* ¶ 6.)

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it

"may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### III. PLAINTIFF FAILS TO ALLEGE A DEFAMATION *PER SE* CLAIM

Magistrate Judge Fox appropriately found that Plaintiff fails to sufficiently allege a defamation *per se* claim against Pillarsetty or Larson. (*See* Report at 5–6.) To assert a cause of action for defamation under New York law, a plaintiff must establish "a false statement, published without privilege or authorization to a third party, constituting fault . . . and it must either cause special harm or constitute defamation per se." *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003) (quoting *Dillon v. City of New York*, 261 A.D.2d 34 (1st Dep't 1999)). The four established categories of defamation *per se* are statements "(i) charging plaintiff with a

serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman." *Zherka v. Amicone*, 634 F.3d 642, 645 n.6 (2d Cir. 2011) (quoting *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992)). Here, as Magistrate Judge Fox correctly observed, aside from a conclusory allegation that Pillarsetty and Larson defamed Plaintiff by "publishing intentionally false statements about her," there is no evidence supporting any element of a defamation claim. (Report at 6.) As such, dismissal of her defamation *per se* claim is warranted.

## IV. MSKCC, SKI, AND LARSON ARE NOT VICARIOUSLY LIABLE FOR PILLARSETTY'S ALLEGED SEXUAL MISCONDUCT

Magistrate Judge Fox also properly determined that MSKCC, SKI, and Larson are entitled to summary judgment on Plaintiff's civil battery and intentional infliction of emotional distress claims. (*See* Report at 6.) These two causes of action concern allegations of Pillarsetty's "unwanted sexual contact" with Plaintiff, (Am. Compl. ¶ 98), as well as his "repeated, unrelenting and escalating sexual harassment" of Plaintiff, (*id.* ¶ 104). Under the doctrine of respondeat superior, an employer may be vicariously liable for the actions of an employee only where the acts in question are "committed in furtherance of the employer's business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002). New York courts have consistently held that sexual misconduct, including sexual assault, are "a clear departure from the scope of employment" and are "committed for wholly personal motives." *Kovalchik v. City of New York*, No. 09 Civ. 4546 (RA), 2014 WL 4652478, at *10 (S.D.N.Y. Sept. 18, 2014) (quoting *Cabrini*, 97 N.Y.2d at 251). Because Pillarsetty's alleged sexual misconduct was neither committed in furtherance of MSKCC's, SKI's, or Larson's business, nor was it within the scope of Pillarsetty's employment, Plaintiff's claims against MSKCC, SKI, and Larson for civil battery and intentional infliction of emotional distress are dismissed.

5

## V. PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM IS BARRED BY THE NEW YORK WORKERS' COMPENSATION LAW

Finally, Magistrate Judge Fox correctly found that Plaintiff's cause of action against all Defendants for negligent infliction of emotional distress is barred by the New York Workers' Compensation Law. (*See* Report at 6–7.) Specifically, Section 29 states that "[t]he right to compensation or benefits under [the Workers' Compensation Law], shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ." N.Y. Workers' Comp. Law § 29(6); *Nieblas-Love v. N.Y.C. Hous. Auth.*, 165 F. Supp. 3d 51, 77 n.6 (S.D.N.Y. 2016). Accordingly, because the Workers' Compensation Law provides the exclusive remedy for an injury caused by the negligence of another employee, as is the case here, Plaintiff's claim for negligent infliction for emotional distress is dismissed.

## VI. CONCLUSION

Magistrate Judge Fox's Report is ADOPTED. Defendants' motion for partial summary judgment dismissing Plaintiff's defamation *per se* claim against Pillarsetty and Larson, civil battery and intentional infliction of emotional distress claims against MSKCC, SKI, and Larson, and negligent infliction of emotional distress claim against all Defendants, (ECF No. 57), is GRANTED.

The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
December 20, 2019

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

6