UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANISHA SINGH,
                           Plaintiff,

      -against-

                                    **MEMORANDUM AND ORDER**

MEMORIAL SLOAN KETTERING
CANCER CENTER, SLOAN KETTERING    17-CV-3935 (GBD)(KNF)
INSTITUTE OF CANCER RESEARCH,
DR. N.V. KISHORE PILLARSETTY, AND
DR. STEVEN P. LARSON,
                         Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The plaintiff, pro se, made an application to the Court requesting that counsel be appointed to assist her with "pretrial and trial" activities "due to the complexity" of the case and her health condition, which makes it hard to represent herself. The plaintiff contends that she has "gone through extensive mediation, discovery and motion for partial summary judgment. This long procedure has complicated my case. I am not able to prepare legal documents without a lawyer for pretrial and trial due to the complexiety [sic]." The plaintiff asserts:

> I have been working with pro se clinic to find a legal representation. They have helped me to find limited scope probono [sic] lawyers during mediation and discovery. They also found a trial firm Robin-Kaplan to represent me for the trial but they withdrew after few months.

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). "In deciding whether to appoint counsel, . . . the [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Once this threshold is met, the court then considers other criteria "such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case

1

appointment of counsel would more probably lead to a just resolution of the dispute." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (citing Hodge, 802 F.2d at 61-62).

The plaintiff proceeded pro se successfully when she determined not to oppose the defendants' meritorious motion for partial summary judgment, which was granted. See Docket Entry Nos. 65, 66 and 67. Other than asserting that her "health condition" makes it hard to represent herself, the plaintiff did not: (1) explain how or why "[t]his long procedure complicated [her] case"; (2) provide any details pertaining to her inability "to prepare legal documents without a lawyer"; and (3) identify the reason(s) for the withdrawal of "a trial firm Robin-Kaplan" from representing her at trial. The plaintiff failed to convince the Court that seeking additional pro bono counsel is warranted; thus, the plaintiff's application, Docket Entry No. 71, is denied.

Dated: New York, New York
February 11, 2020

SO ORDERED:

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

2